UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROOSEVELT WASHINGTON,**
       **Plaintiff,**

  v.                         **Case No. 2:25-cv-707**
                                **Judge Edmund A. Sargus, Jr.**
                                **Magistrate Judge Chelsey M. Vascura**

**RED ROOF,**
       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on July 9, 2025. (ECF No. 3.) Plaintiff Roosevelt Washington filed a Complaint (ECF No. 2) and a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Mr. Washington's Complaint is difficult to understand. As explained by the Magistrate Judge, Mr. Washington "alleges that he has information about financial crimes that he has shared with out-of-state FBI representatives." (ECF No. 3, PageID 17.) He claims unspecified individuals have removed him from places he was renting and makes other allegations about moving "the homeless into Columbus, Ohio by Greyhound." (*Id.*)

The Magistrate Judge concluded that Mr. Washington's "allegations are threadbare and do not give rise to any cognizable cause of action." (*Id.* PageID 18.) She granted Mr. Washington's Motion for Leave to Proceed *In Forma Pauperis* but recommended that Mr. Washington's Complaint be dismissed for failure to state a claim on which relief can be granted. (*Id.*)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a de novo determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Mr. Washington was advised of his right to object to the Order and Report and Recommendation and of the consequences of failing to do so. (ECF No. 3, PageID 19.) Plaintiff did not object to the Order and Report and Recommendation.

The Court notes that the mail it sent to Mr. Washington containing the Magistrate Judge's Order and Report and Recommendation was returned as undeliverable to the address provided by Mr. Washington in the Complaint. (ECF No. 6.) Mr. Washington's *pro se* status does not exempt him from the basic requirements to prosecute an action in this Court. "A plaintiff has an affirmative duty to notify the court of any change in his address." *Stephens v. Page*, No. 2:24-cv-35, 2024 WL 2701961, at *1 (S.D. Ohio May 24, 2024) (Silvain, M.J.) (citing *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address.")).

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation and **DISMISSES** Mr. Washington's claims against Defendant Red Roof. (ECF No. 3.) The Clerk is **DIRECTED** to enter judgment, to close this case on the Court's docket, and to mail a copy of this Opinion and Order to Mr. Washington at 1037 Parsons Ave., Columbus, OH 43206.

IT IS SO ORDERED.

**8/21/2025**  　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE** 　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

2